WILLIAM F. KAIGHN, TRUSTEE, ETC., APPELLANT, v. MARIAN FOX, OWNER, AND WILLIAM T. GARRISON, BUILDER, RESPONDENTS.

WILLIAM F. KAIGHN, TRUSTEE, ETC., APPELLANT, v. MARY E. FRIDAY, RESPONDENT.

WILLIAM F. KAIGHN, TRUSTEE, ETC., APPELLANT, v. ANNIE E. ERRICKSON, RESPONDENT.

Submitted July 6, 1915—Decided November 15, 1915.

1. Where the only issue in the case was payment of three mechanics' liens filed against defendants' properties for the non-payment of lumber supplied for the erection thereof to the contractor, who was also president of the lienor company, and where the contractor had turned over his stock in the company in payment of his indebtedness, and there was testimony to show that the contractor had made an oral agreement with the company that the stock transfer should cover not only his own but the indebtedness of the defendants upon the lien claims, it was not im-

proper to admit the record of the bankruptcy proceedings of the contractor not to show payment of the claims, but for the purpose of showing what sum, if any, should be deducted from the verdict in case the verdict should go for the plaintiff, the defendants being entitled to be credited with whatever the plaintiff had received from the bankrupt's estate on account of the stock transfer.

2. The address by counsel to the jury is a matter within the court's discretion, both as to subject-matter and latitude, guided by the principle that it is predicated upon the testimony or upon inferences to be reasonably derived therefrom.

On appeal from the Cape May County Circuit Court.

For the appellant, *Bleakly & Stockwell.*

For the defendants, *John W. Wescott* and *Matthew Jefferson.*

The opinion of the court was delivered by

MINTURN, J. Three mechanics' liens were filed respectively against the properties of the defendants in these suits by the plaintiff, as trustee in bankruptcy, for the Five Mile Beach Lumber Company, to recover the value of lumber supplied to the erection of the houses of the three defendants at Wildwood.

Upon two previous occasions the suits were before this court upon appeal, and were remanded in each instance to the trial court for a trial *de novo*. In the light of those adjudications the case has been again tried, and is now before us after a verdict in favor of the defendants. William T. Garrison was not only the vice-president of the lumber company, but was also the contractor engaged by the defendants for the erection of their houses. In the latter capacity he collected from the three defendants and owners the several amounts due to him under his contracts, but never paid the lumber company, in cash, the amount due to it for the building material supplied. His contention, however, is, and it presents the mooted question in the case, that by an oral agreement between himself and the lumber company, he sur-

rendered to the company certain shares of the capital stock of the company, which he held, in full settlement of his indebtedness. By a stipulation between the parties, payment was conceded to be the only issue in the case, and we have held upon the first of the former appeals, that the effect of the stipulation was to exclude all other defences. *Kaighn, Trustee, v. Friday, 77 N. J. L. 709.*

The errors assigned at this time, therefore, relate necessarily to matters of procedure at the trial. Garrison had been declared a bankrupt, and the trial court admitted in evidence the record of the bankruptcy proceedings for the purpose, as appellant alleges, of showing payment by him of his indebtedness to the lumber company. We do not find from the evidence that such was the purpose of introducing the record. Garrison had, as he claimed, surrendered to the company his stock as collateral for the payment of his indebtedness and that of these defendants. The record of the bankruptcy proceedings would tend to show the amount which should be deducted from the plaintiff's claim, if the verdict should be for the plaintiff. The defendants obviously could not with certainty foresee a verdict in their favor, and consequently for the purpose of anticipating a verdict against themselves, as among the possibilities, they quite properly endeavored to show the credit which Garrison was entitled to receive by the record of the proceedings in bankruptcy, in which the lumber company as an interested creditor had participated. The court so limited the record in its charge, and we see nothing illegal in that application of it.

Another criticism urged by the defendants relates to the admission of the testimony of one Pharo, a witness for the defendants, who testified to an oral agreement made between Garrison and the company, through its president, the purport of which was that the company was accepting Garrison's stock in payment of the lien claims involved in this action. Prior to this conversation, Garrison had by a written agreement transferred his stock to the company as collateral security for the payment of his personal indebtedness to it. The conversation in question was intended to show an oral

agreement between the company and Garrison, by which the company had accepted the stock as payment, not only of Garrison's indebtedness, but also as payment of the amount due upon these lien claims. As such we think its admission was proper and tended to elucidate the issue in the case, if the jury were to credit the witness and accept his testimony as a fact.

The other matters testified to by Garrison bearing upon his relations with the company, and his method of transacting its business, were more or less introductory in character; their admission was entirely in the discretion of the court, and in view of the issue involved we are unable to perceive that their admission can be said to be injurious to the plaintiff.

The weight of this testimony considered in connection with that presented by the plaintiff in rebuttal, was for the jury, and was so dealt with by the court.

We are unable to perceive that the remarks of counsel for the defendants, in summing up, present any valid ground for objection. We cannot say that he transcended the limits of propriety, nor from his view of the case did he misstate the facts.

A liberal latitude of expression in addressing the jury has been invariably allowed to counsel, in the discretion of the trial court, confined of course within limits warranted by the testimony, and the inferences which may be reasonably drawn therefrom. Without this liberal tendency upon the part of courts, the notable forensic efforts of some of the greatest names which have distinguished British and American law would not have been transmitted to us as standards of argument and eloquence, to grace and embellish our jurisprudence.

We perceive no force in the remaining objections, and conclude that the judgments appealed from should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 16.

*For reversal*—None.